

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

        Plaintiff,

v.                                              CASE NO. 13-F-79

TENNIS MAYNARD.

        Defendant.

## COURT'S FINDING ON DEFENDANT'S COMPETENCY TO STAND TRIAL

On the 15th day of January, 2015, came the State of West Virginia, by and through its counsel, Fred Giggenback, Special Assistant Prosecuting Attorney, and the defendant, by and through his counsel, Richard Weston and Glen Conway, for a hearing on defendant's competency to stand trial.

Having reviewed the report(s) from the forensic examination(s) and heard arguments of counsel and the evidence presented, this Court FINDS that defendant is not competent to stand trial because he does not exhibit sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding and a rational, as well as a factual, understanding of the proceedings against him.

This Court further FINDS that the defendant is not substantially likely to attain competency and that indictment against the defendant does involve acts of violence against people in accordance with W.Va. Code §27-6a-3(h).

This Court hereby ORDERS the defendant be committed to a mental health inpatient facility as designated by the West Virginia Department of Health and Human Resources, which is the least restrictive environment available to manage the defendant and allow for the protection to the public.

This Court finds that the defendant would have been convicted of the following offenses, murder (61-2-1), attempt to commit murder (61-11-8(1)), and reckless indifference (61-5-17(f), but for the determination that he is not competent to stand trial, and the Court finds that the maximum sentence he would have received is life without mercy on the murder

**EXHIBIT 1**

charge; on the charge of attempted murder, not less than three (3) nor more than fifteen (15) years; and on reckless indifference, not less than one (1) nor more than five (5) years.

This Court further FINDS that it shall maintain jurisdiction over the defendant for his natural life, the maximum possible sentence, life without mercy, defendant would have received if he had been convicted of the crimes charged, or until the defendant regains competency and the criminal charges reach resolution, whichever is sooner. The end date of the maximum sentence period is the life of the defendant, and the Court's jurisdiction shall continue for the defendant's natural life. The defendant shall not be released from the designated DHHR facility without further order of this Court.

The Court ORDERS a qualified forensic evaluator to conduct a dangerousness evaluation including dangerousness risk factors within thirty (30) days of admission of the defendant to the mental health facility and to render a report to the Court within ten (10) business days of completing this evaluation.

The Court ORDERS the Defendant to be immediately transported to the William R. Sharpe, Jr. Hospital in Weston, West Virginia.

This Court ORDERS the Clerk of the Mingo County Circuit Court to forward copies of this Order to the parties in this matter.

Entered this 15th day of January, 2015.

Paul T. Farrell, Judge

CC:    Fred J. Giggenback, Jr., Special Asst. Prosecutor
        Richard Weston, Esq.
        Glen Conway, Esq.
        Medical Director, Sharpe Hospital

**EXHIBIT 1**